**SEND**<br>**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6871 PA (PJWx) | Date | October 7, 2009 |
|---|---|---|---|
| Title | Systems Design Solutions Inc. v. Watch Systems LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - NOTICE OF REMOVAL

    Before the Court is a Notice of Removal filed by defendant Watch Systems, LLC ("Defendant") on September 21, 2009. Defendant asserts that federal jurisdiction exists on the basis of a diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Id.

    This is the second time Defendant has filed a Notice of Removal of Plaintiff Systems Design Solutions' ("Plaintiff") Complaint. Defendant's first Notice of Removal was assigned case number CV 09–6583 PA (PJWx). That case was removed on September 10, 2009. The Court remanded that case sua sponte on September 17, 2009 because Defendant had not properly alleged its own citizenship,

SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6871 PA (PJWx) | Date | October 7, 2009 |
|---|---|---|---|
| Title | Systems Design Solutions Inc. v. Watch Systems LLC | | |

having failed to allege the citizenship of its owners/members. Attempting to cure the first Notice of Removal's defects, Defendant then filed this second Notice of Removal.

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). A party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here there has been no change in the nature of the case, nor has there been any subsequent pleading or paper which might provide a basis for a second removal. Indeed, the only new fact alleged in Defendant's Notice of Removal is the citizenship of its owners/members, which was known to Defendant at the time of its first removal, and is not alleged to have changed since then. By filing the second Notice of Removal after the Court explained in its order remanding the action the defects in the first Notice of Removal, Removing Defendant has impermissibly attempted to remove the action twice on the same grounds. Such successive removals are improper. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. YC060466. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is denied as moot.

IT IS SO ORDERED.